UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS L. HARRIS, | ) |
| Movant, | ) |
| v. | ) No. 4:17-CV-293 CEJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## **MEMORANDUM**

Before the Court is the motion of defendant Curtis L. Harris to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Harris seeks relief based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(B)

(emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In the instant case, Harris pleaded guilty to conspiracy to possess with intent to distribute phencyclidine (PCP). *See United States v. Harris*, No. 4:15CR135-1 (E.D.Mo.). He was sentenced as a career offender under § 4B1.1(a) of the Sentencing Guidelines to a 151-month term of imprisonment. Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) includes a felony offense involving the distribution or possession with intent to distribute a controlled substance. With one minor exception, the term "crime of violence" in U.S.S.G. § 4B1.2(a) is defined in the same way as it is defined in the ACCA.[1] Moreover, the guideline and the statute contain identical residual clauses.

Harris was found to be a career offender based on his two prior felony convictions for controlled substance offenses: possession of a controlled substance with intent to deliver and conspiracy to distribute more than 50 grams of cocaine base. In *Johnson*, the Supreme Court left intact the ACCA's enhanced penalty where the defendant's predicate offenses involved the distribution of or the possession with intent to distribute a controlled substance. Because Harris's status as a career offender was not predicated on a prior conviction for a crime of

---

[1] The statute and the guideline differ in that the ACCA lists "burglary" as a predicate offense while the career offender guideline lists "burglary of a dwelling" as a predicate offense.

violence, the residual clause of U.S.S.G. § 4B1.2(a) is not implicated and he is not entitled to relief under *Johnson*.

For the reasons discussed above, the motion to vacate will be denied. Further, Harris has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

*/s/ Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2017.